# United States Court of Appeals for the Fifth Circuit

_____

No. 25-11173

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2025

Lyle W. Cayce
Clerk

Huzefa Hafiz Ismail,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-446

_____

UNPUBLISHED ORDER

Before Jones, Smith, and Higginson, *Circuit Judges*.

Per Curiam:

This motion concerns the extradition of Petitioner–Appellant Huzefa Hafiz Ismail to the Republic of France. The French allege that Ismail operates under the name "CEO / DARKBANK," and is connected to a number of financial crimes, including money laundering and criminal conspiracy.

Pursuant to 18 U.S.C. § 3184 and the extradition treaty between the United States and France, a magistrate judge held a hearing and issued an

order certifying that Ismail is eligible for extradition. Ismail then filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the certification, which is the proper avenue for review of such a certification. *See Quintanilla v. United States*, 582 F. App'x 412, 414 n.1 (5th Cir. 2014) (unpublished); *Balzan v. United States*, 702 F.3d 220, 223 n.3 (5th Cir. 2012). The district court denied the petition on August 22, 2025, finding no error in the magistrate judge's findings of probable cause. Ismail filed a motion to stay the extradition pending resolution of his appeal before our court. The district court denied the motion for a stay. Ismail appealed the denial of his habeas corpus petition to our court and the present motion before us is a motion to stay extradition pending resolution of that appeal.

When reviewing a stay, we consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Texas v. United States*, 126 F.4th 392, 421–22 (5th Cir. 2025) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). As to the first factor, we further limit our review of likelihood of success of a habeas appeal in the extradition context to: "(1) whether the magistrate had jurisdiction; (2) whether the offense charged is covered by the treaty; and (3) whether there was 'any evidence' warranting the magistrate's finding of probable cause that the accused is guilty of the charged offense." *Quintanilla*, 582 F. App'x at 414; *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925).

In consideration of the foregoing factors for review, and the evidence proffered by French authorities, which was reviewed by the magistrate judge in the first instance and the district court on further review, the motion to stay the United States Department of Justice and the United States Department of State from taking any further action to surrender and extradite

Mr. Ismail to the Republic of France until this Court resolves his appeal is
DENIED.